**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNETH CATHCART, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PIZZA COMO USA UNO, INC., and | : | |
| ANTONINO CARUSO, and | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

## I. PRELIMINARY STATEMENT

This is an action for an award for damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Kenneth Cathcart (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, Pizza Como USA UNO, Inc. (hereinafter "Pizza Como"), who has been harmed by sex-based harassment and retaliatory practices as well as other improper conduct by Pizza Como and its agents, servants, and representatives.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*.

## II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq*.

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §

1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*

3. Venue is proper in the Middle District of Pennsylvania in that some or all of the events complained of herein occurred in Carbon County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled.

5. Plaintiff has invoked the procedure set forth in Title VII. On or about September 12, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Pizza Como alleging, inter alia, sex-based employment harassment and retaliation. On June 21, 2019, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

## III. PARTIES

8. Plaintiff is an adult male citizen and resident of the Commonwealth of Pennsylvania.

9. At all times relevant hereto, Plaintiff has been a "person" or "employee" as defined under Title VII, and is subject to the provisions of the said Act.

10. Pizza Como is a Pennsylvania corporation with a place of business in the Carbon Plaza Mall, located at 1241 Blakeslee Blvd Dr E, Lehighton.

11. At all times relevant hereto, Pizza Como has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

12. At all times relevant hereto, Antonino Caruso ("Caruso"), was the principal of Pizza Como, and Plaintiff's supervisor. At all times relevant hereto, Caruso was an agent,

servant, workman and/or employee of Pizza Como, acting and or failing to act within the scope, course and authority of his employment and his employer, Pizza Como. At all times relevant, Caruso was acting in his supervisory and personal capacity

13. At all times relevant hereto, Pizza Como acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

14. Pizza Como has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sexual harassment and retaliation.

15. At all relevant times herein, Pizza Como knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

16. At all times material hereto, Pizza Como employed more than fifteen employees, many of whom are maintained under the table.

## IV. CAUSES OF ACTION

17. In or around January 2017, Caruso hired Plaintiff as a delivery driver and restaurant worker.

18. At all relevant times herein, Plaintiff was a competent and proper employee.

19. Shortly after being hired, Plaintiff was subjected to continuous sexual harassment by Caruso and Carlos ("Primo") LNU, a cook.

20. Without limitation, Plaintiff was exposed and subjected to sexual harassment and a hostile work environment, including, but not limited to the conduct set forth below.

21. Caruso and Primo would sexually harass Plaintiff, in the following manner:

a. Caruso fondling Plaintiff's genitals whenever Caruso walked past Plaintiff;

b. Primo pulling down his pants and exposing himself to Plaintiff in the kitchen on a regular basis;

c. Primo pulling down Plaintiff's pants and Caruso spraying Plaintiff's buttocks with grease with sexual connotations; and

d. Primo assaulting Plaintiff by digitally penetrating Plaintiff's anus.

22. Caruso and Primo committed this inappropriate sexual harassment despite Plaintiff's constant refusals and objections and without Plaintiff's consent.

23. At all times, Caruso's and Primo's sexual harassment of Plaintiff was open and notorious and Pizza Como was on actual and/or constructive notice of same.

24. Despite Plaintiff's refusals and objections, Pizza Como took no remedial action.

25. Despite actual and constructive notice of Caruso's and Primo's pattern and practice of sexual harassment and the observed and known proclivities for such harassment, Pizza Como took no remedial action.

26. The above-referenced conduct is sexual in its very nature and is thus inescapably because of sex.

27. Despite Plaintiff's complaints, Pizza Como failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal behavior of its employees.

28. Because Pizza Como refused to take remedial action and would not take any measures to protect Plaintiff from future sexual assaults, Plaintiff tendered his resignation to Caruso on March 16, 2018. Plaintiff specifically stated, inter alia, that due to the constant and ongoing abuse, including sexual harassment, he was resigning.

29. Pizza Como created or permitted to exist a hostile work environment within which Plaintiff was asked to function.

30. Plaintiff believes, and therefore avers, that Pizza Como created and/or permitted an intolerable and hostile work environment designed to interfere with his employment by, but not limited to, the following:

    a. Creating and fostering a work environment that was openly hostile toward Plaintiff; and

    b. Creating and fostering a work environment that was so openly hostile toward Plaintiff that when he complained about the sexual assault and harassment and retaliation, he was ignored.

31. As result, Pizza Como created an abusive and intolerable work environment and Plaintiff was forced to resign on or about March 16, 2018.

32. Following Plaintiff's resignation, Caruso further retaliated against Plaintiff by evicting Plaintiff, which is post-termination retaliation.

33. Pizza Como is responsible and liable for the conduct of its employees for subjecting Plaintiff to sexual harassment while employed at Pizza Como and a hostile work environment based on this harassment and for failing to protect Plaintiff from the above stated unlawful conduct.

34. As a direct result of the conduct of Pizza Como, Plaintiff has been irrevocably damaged.

35. As a direct result of the conduct of Pizza Como, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

36. As a direct result of Defendants' conduct, Plaintiff has suffered a loss of earnings.

## COUNT I
## PLAINTIFF v. PIZZA COMO
## <u>VIOLATION OF TITLE VII</u>

37. Paragraphs 1 through 36, inclusive, are incorporated by reference as if fully set forth at length herein.

38. Based on the foregoing, Pizza Como has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Pizza Como is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against him because of his expressed opposition to offensive sex-related conduct in the work place, subjecting him to more onerous working conditions, and treating him in a disparate manner.

39. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Pizza Como in violation of Title VII, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. PIZZA COMO
## <u>RETALIATION UNDER TITLE VII</u>

40. Paragraphs 1 through 39, inclusive, are incorporated by reference as if fully set forth at length herein.

41. By the acts complained of, Pizza Como has retaliated against Plaintiff for exercising his rights under Title VII, which constitutes a violation of Title VII.

42. Pizza Como's foregoing continued adverse employment actions and violations, including retaliation against Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

43. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Pizza Como's retaliatory practices unless and until this Court grants relief.

**COUNT III**
**PLAINTIFF v. PIZZA COMO**
**NEGLIGENCE UNDER TITLE VII**

44. Paragraphs 1 through 43, inclusive, are incorporated by reference as if fully set forth at length herein.

45. Pizza Como was negligent in the following respects:

    a.  Failing to implement an effective, well-known and uniformly enforced policy against sex-based harassment and retaliation;

    b.  Failing to properly investigate Plaintiff's complaints of sexual harassment;

    c.  Failing to take any action reasonably calculated to remedy Plaintiff's complaints of sex-based harassment and retaliation;

    d.  Failing to impose any discipline upon their employees who had engaged in sex-based harassment and retaliation;

    e.  Failing to take reasonable actions to discover illegal sex-based harassment and retaliation by their employees; and

    f.  Failing to take reasonable actions to prevent illegal sex-based harassment and retaliation from taking place.

46. Pizza Como owed Plaintiff a duty in all of the respects set forth in Paragraph 45, but failed to perform each of those duties as set forth above.

47. As a direct, reasonable and foreseeable result of the negligence of Pizza Como, Plaintiff suffered the injuries and damages set forth above.

**COUNT IV**
**PLAINTIFF v. PIZZA COMO**
**VIOLATION OF THE PHRA**

48. Paragraphs 1 through 47, inclusive, are incorporated by reference as if fully set forth at length herein.

49. The unlawful actions of Pizza Como acting as aforesaid, constitute a violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*. The said unlawful practices for which Pizza Como is liable to Plaintiff include, but are not limited to, harassing and retaliating against Plaintiff based on his sex.

50. As a direct result of Pizza Como's willful and unlawful actions in treating Plaintiff in a discriminatory manner and retaliating against him solely because of his protected conduct in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT V**
**PLAINTIFF v. PIZZA COMO**
**RETALIATION UNDER THE PHRA**

51. Paragraphs 1 through 50, inclusive, are incorporated by reference as if fully set forth at length herein.

52. By the acts complained of, Pizza Como has retaliated against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act, in violation of said act.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Pizza Como's retaliatory practices unless and until this Court grants relief.

## COUNT VI
## PLAINTIFF v. CARUSO
## AIDING AND ABETTING
## DISCRIMINATION AND RETALIATION UNDER THE PHRA

54. Paragraphs 1 through 53, inclusive, are incorporated by reference as if fully set forth at length herein.

55. The unlawful actions of Caruso, acting as aforesaid, constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(e).

56. The said unlawful practices for which Caruso is liable to Plaintiff include, but are not limited to, harassing, discriminating, and retaliating against Plaintiff based on sex.

57. At all relevant times herein, Caruso knew or had reason to know of the actions and inaction alleged herein and/or personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Pizza Como.

58. Caruso, as a supervisor, is personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct, sex-based harassment, sex-based discrimination, and retaliation set forth herein.

59. Caruso is personally liable pursuant to the Pennsylvania Human Relations Act while acting in concert with and in common purpose with Defendant Pizza Como for its unlawful conduct, sex-based harassment, sex-based discrimination, and retaliation set forth herein.

60. As a direct result of Caruso's willful and unlawful actions in aiding and abetting, and/or acting in concert and common purpose with Pizza Como, in the discrimination and retaliation set forth herein in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of

the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

### STATEMENT OF FACTS JUSTIFYING
### THE IMPOSITION OF PUNITIVE DAMAGES

61. Paragraphs 1 through 60, inclusive, are incorporated by reference as if fully set forth at length herein.

62. At all times relevant hereto, Pizza Como knew or should have known of the pattern of conduct in which its agents, servants, and representatives had engaged and in which they continued to engage.

63. At all times relevant hereto, Pizza Como knew or should have known that the aforesaid pattern of conduct was in violation of the law and Pizza Como's stated policies and terms of employment.

64. Despite such knowledge, Pizza Como failed to adequately investigate, discipline, or discharge its agents, servants, and representatives who harassed Plaintiff by reason of his sex.

65. Pizza Como failed and refused to properly protect and support Plaintiff and in fact subjected or permitted him to be subjected to sex-based harassment and retaliation.

66. At all times relevant hereto, Pizza Como acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well-being of the Plaintiff.

67. Plaintiff therefore demands punitive damages under Title VII.

## V. PRAYER FOR RELIEF

68. Plaintiff repeats the allegations of paragraphs 1 through 67 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in his favor and against Pizza Como and Caruso and requests that this Court:

    a. Exercise jurisdiction over his claims;

    b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

    c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

    d. Order Pizza Como and Caruso compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which he would have been entitled, had he not been subject to unlawful discrimination and/or retaliation;

    e. Order Pizza Como and Caruso compensate Plaintiff with an award of front pay, if appropriate;

    f. Order Pizza Como and Caruso compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

    g. Order Pizza Como and Caruso pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

    h. Order Pizza Como and Caruso pay to Plaintiff pre- and post-judgment interest, costs of suit, and attorney and expert witness fees as allowed by law; and

    i. The Court award such other relief as is deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: _____
George S. Kounoupis, Esquire
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff,
Kenneth Cathcart

Dated:  September 19, 2019